STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, ss.                                     Docket No.: 07-AP-076

Dalmon Landry,

     Petitioner,

     v.                                    **DECISION AND ORDER**

Maine State Housing Authority,

     Respondent

DONALD L. GARBRECHT
LAW LIBRARY

JUL 18 2008

This matter is before the Court on Petitioner Dalmon Landry's request for review, pursuant to M.R. Civ. P. 80C, of the decision of Respondent Maine State Housing Authority (MSHA) regarding Petitioner's continued participation in the Section 8 Housing Choice Voucher Program (Section 8 Program).

Procedural Background

By letter dated August 10, 2007, MSHA informed Petitioner that his continued participation in the Section 8 Program was terminated. In accordance with the applicable regulations, MSHA also advised Petitioner of his right to request and informal hearing if he believed the decision of MSHA to be in error.[1] Petitioner subsequently requested an informal hearing.

On September 19, 2007, a hearing was conducted before a Department of Labor Administrative Hearing Officer.[2] Both parties appeared at the hearing, and presented

_____

[1] 24 C.F.R. § 982.555 and MSHA's Administrative Plan require MSHA to grant to Petitioner a hearing regarding MSHA's decision.
[2] Neither the federal regulations, nor the Administrative Plan specify by whom the hearing must be conducted. MSHA has contracted with the Department of Labor to conduct the hearings requested regarding its decisions.

evidence. Following the hearing, on November 6, 2007, the Hearing Officer issued her decision in which she concluded that "the decision to terminate the tenant's participation in the Section 8 housing program is not supported by a preponderance of the evidence in the record". (*Decision, p. 10*). The Hearing Officer, therefore, set aside the MSHA's decision to terminate Petitioner's participation.

In a November 20, 2007, letter, MSHA notified Petitioner that MSHA did not consider the decision of the Hearing Officer to be binding because "it is contrary to HUD regulations or requirements or otherwise contrary to federal and state law". Petitioner then initiated this action seeking review of MSHA's decision.

After a conference with counsel for the parties, the Court issued a scheduling Order, which included a briefing schedule and a date for oral argument. At the oral argument on May 16, the parties agreed to supplement the record with a transcript of the proceedings before the Hearing Officer. The parties filed the complete transcript on June 19, 2008.[3]

Discussion

Preliminarily, the parties disagree as to whether a participant is entitled to a trial *de novo*, or whether the Hearing Officer must give deference to the findings and conclusions the MSHA. Petitioner contends that he is entitled to a *de novo* hearing before the Hearing Officer while MSHA argues that the Hearing Officer can disturb the agency's initial determination can only if the MSHA abused its discretion.

.

The parties agree that pursuant to the applicable regulations, given MSHA's stated reasons for the termination of Petitioner's benefits, Petitioner is entitled to a hearing if requested. In accordance with 24 C.F.R. § 982.555(a), Petitioner must have "an opportunity for an informal hearing to consider whether the [determination by

---

[3] The parties initially filed the transcript on June 2, 2008; however, evidently due to a clerical oversight, the transcript was not complete.

MSHA] relating to the individual circumstances of [Petitioner] are in accordance with the law, HUD regulations and [MSHA] policies ...".[4] The regulations also require the Hearing Officer to afford Petitioner the opportunity to present evidence, and question witnesses. 24 C.F.R. § 982.555(e)(5). Finally, "factual determinations [by the Hearing Officer] relating to the individual circumstances of the family shall be based on a preponderance of the evidence presented at the hearing". 24 C.F.R. § 982.555(e)(6).

The regulations plainly contemplate an evidentiary hearing, which is inconsistent with the standard urged by MSHA. That is, if the Hearing Officer is to review MSHA's initial determination for an abuse of discretion, there would be no need to hear evidence, or to make factual determinations. Rather, the Hearing Officer would review the record before MSHA, and determine whether the agency abused its discretion in terminating Petitioner's benefits. To interpret the regulations as MSHA urges would in many ways render the evidentiary hearing meaningless.

The court in *Wojcik v. Lynn Housing Authority*, 845 N.E.2d 1160 (Mass. App. Ct. 2006), was presented with essentially the same issue. Noting that the regulation "speaks of a hearing officer making both '[f]actual determinations' and a 'decision'", the court reasoned that the "regulation clearly contemplates that the hearing officer is entitled to engage in more than mere fact finding ... It would be an empty gesture to provide a family the opportunity to present evidence and arguments on the only viable issue in the case yet preclude the hearing officer from making any decision on that issue ... For due process to mean anything here the hearing officer must be able to make a decision on the discretionary issue, based upon the evidence and argument presented to him." 845 N.E.2d at 1166.

---

[4] In addition, MSHA's Administrative Plan provides that "MaineHousing, or its agents, shall give a participant an opportunity for an informal hearing to consider whether decisions relating to the individual circumstances of the participant are in accordance with law, HUD regulations and MaineHousing rules ..."

The reasoning of the court in *Wojcik* is sound and logical. For basic due process to be satisfied, Petitioner must have the opportunity to present evidence to an impartial officer who is not required to defer to the MSHA. The Court concludes, therefore, that the Hearing Officer has the authority, and in fact the obligation, to hear evidence, make factual determinations, and make conclusions in accordance with the law and regulations.

The Hearing Officer's authority is not, however, unlimited. MSHA "is not bound by a hearing decision [that is] [c]ontrary to HUD regulations or requirements, or otherwise contrary to federal, State, or local law". 24 C.F.R. § 982.555(f)(2). Citing this provision, the MSHA informed Petitioner that it was not bound by the Hearing Officer's decision. The issue before this Court is, therefore, whether the MSHA's decision to disregard the decision of the Hearing Officer is justified.

Pursuant to HUD regulations, a participant in the Section 8 Program "may not commit any serious or repeated violation of the lease." 24 C.F.R. § 982.551(e). MSHA "must terminate program assistance for a family evicted from housing assistance under the program for serious violation of the lease." 24 C.F.R. § 982.552(b)(2). An owner of property that is leased to a participant can terminate the tenancy for "[s]erious violation (including but not limited to failure to pay rent or other amounts due under the lease) or repeated violation of the terms and conditions of the lease". 24 C.F.R. § 982.310(a)(1).

Here, the record reveals that the landlord initiated eviction proceedings with the service upon Petitioner of a notice to quit for nonpayment of rent. After discussions with the landlord, Petitioner vacated the property. Petitioner was, therefore, evicted for nonpayment of rent.

In her decision, the Hearing Officer concluded that the nonpayment of rent could not be the basis of the termination of Petitioner's participation in the Section 8 Program. In her analysis, when assessing Petitioner's failure to pay rent, the Hearing Officer wrote, "[t]here is no evidence in the record that this was more than a single incident for a tenant that has been the recipient of housing vouchers for several years." In other words, the

Hearing Officer concluded that although the Petitioner did not pay the rent as required under his lease, the nonpayment of rent was not a serious violation of the lease because there is no evidence that Petitioner had previously failed to pay the rent.

Although the Court understands the reasoning of the Hearing Officer, one incident of nonpayment of rent is a "serious violation" under the HUD regulations. Indeed, nonpayment of rent is the only potential lease violation that is specifically identified as a "serious violation" in the regulations. 24 C.F.R. § 982.310(a)(1). Given that nonpayment of rent is plainly a "serious violation", given that the landlord terminated the tenancy for nonpayment of rent, and given that the MSHA *must* terminate Petitioner's participation in the Section 8 Program when a tenancy is terminated for a "serious violation" of the lease, the Hearing Officer erred when she concluded that Petitioner's nonpayment of rent was not a "serious violation". The Hearing Officer's decision is, therefore, "contrary to HUD regulations or requirements or otherwise contrary to federal and state law."[5] Accordingly, MSHA's decision is justified.

## Conclusion

Based on the foregoing analysis, the Court affirms the decision of the MSHA.[6]

Pursuant to M.R. Civ. P. 79(a), the Clerk shall incorporate this Decision and Order into the docket by reference.

Dated: 6/26/08

Justice, Maine Superior Court

---

[5] The Court recognizes that MSHA cited, and the Hearing Officer considered, other bases for the termination of Petitioner's continued participation in the Section 8 Program. Because the Court has concluded that the MSHA was justified in terminating Petition's participation as the result of the nonpayment of rent, the Court does not need to reach the other bases of Hearing Officer's decision.

[6] Subsequent to the filing of the Petition in this matter, Petitioner filed a Motion for Preliminary Injunction. With this Decision and Order, Petitioner's Motion is moot.

Date Filed December 6, 2007  Kennebec  Docket No. AP-07-76
County

Action  Administrative Agency (80C)

# J. Nivison

Dalmon Landry                                    Maine State Housing Authority
                                          vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Judith Plano Esq<br>PO Box 2429<br>Augusta ME 04338-2429 | John Bobrowiecki Esq<br>353 Water Street<br>Augusta ME 04330 |

| Date of Entry | |
|---|---|
| 12/12/07 | Filed 12/06/2007: Maine Rules of Civil Procedure Rule 80(C) Petition for Review of Final Agency Action (Refusal of Agency to Act in Accordance with Decision of Hearing Officer) and Complaint filed by Attorney Judith Plano, along with Acceptance of Service signed by John Bobrowiecki, Esq.<br><br>Filed 12/10/2007: Motion to Specify Future Course of Proceedings filed by Attorney Judith Plano. |
| 12/29/07 | Certified Mail card, filed 12/28/07.  s/Hazelton, Paralegal Advocate |
| 1/14/08 | Proposed Order, filed 1/9/08.  s/Plano, Esq.<br><br>Notice of setting for __4/8/08__<br><br>sent to attorneys of record. |
| 3/12/08 | Motion For Preliminary Injunction Compelling MSHA To Reinstate Section 8 Subsidy Prior To Final Hearing and Incorporated Memorandum Of Law, filed 2/29/08. |
| --- | Hearing scheduled for 3/17/08 at 9:00 a.m.<br>Attorneys Plano and Bobrowiecki notified by phone. |
| 3/18/08 | SCHEDULING ORDER, Nivison, J.<br>Copies to attys. of record.<br>Set for oral arguments 5/16/08 at 12 p.m. |
| 3/24/08 | CD transcript of 9/19/07 administrative hearing w/insutructions filed. s/ Bobrowiecki, Esq. |
| 4/1/08 | Phone Conference between parties held in Waterville District Court.<br>CD mailed to Gayle Kinney, Electronic Recording. |
| 4/2/08 | Exhibits from Administrative Hearing, filed 3/28/08.  s/Bobrowiecki, Esq. |

| Date of Entry | Docket No. _____ |
|---|---|
| 4/11/08 | Division of Administrative Hearings Exhibit #2, filed 4/4/08. s/Bobrowiecki, Esq. |
| 4/11/08 | Petitioner's Rule 80C Brief, filed. s/Plano, Esq. (attached exhibits) |
| 5/7/08 | Response to Petitioner's Rule 80C Brief, Exhibits A-E, filed 5/5/08. s/Bobrowiecki, Esq. |
| 5/16/08 | Petitioner's Reply Brief, with attachment, filed 5/9/08. s/Plano, Esq. |
| 6/2/08 | Transcript of 9/19/07 filed by Atty Bobrowiecki, Esq. |
| 6/12/08 | Letter filed by Atty Plano requesting a hearing be held on the matter. |
| 6/30/08 | Transcript of 9/17/07 DOL Administrative Hearing, filed 6/23/08. s/Brorowiecki, Esq. |
| 6/30/08 | DECISION AND ORDER, Nivison, Jr.  (6/26/08) The Court Affirms the decision of the MSHA. Decision and Order incorporated into the docket by reference. |
| | Copy to attorneys of record. Copy to Deborah Firestone, Garbrecht Law Library, and Donald Goss. |